UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORTEZ MEADOWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-981-G |
| | ) |
| CITY OF OKLAHOMA CITY et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On September 23, 2024, Plaintiff Cortez Meadows, appearing pro se, initiated this federal civil rights action, bringing claims against nine defendants pursuant to 42 U.S.C. § 1983. *See* Compl. (Doc. No. 1). Several of the defendants have appeared and moved for dismissal. *See* Doc. Nos. 9, 14, 24.

Plaintiff's allegations arise from his 1999 conviction in Oklahoma City Municipal Court and the defendants' alleged misconduct in connection with that conviction. *See* Compl. at 2-4. In support of his claims, Plaintiff highlights the fact that on May 7, 2024, the District Court of Oklahoma County ordered that the 1999 conviction and sentence be made invalid, "Expunged," and "Destroyed." *Meadows v. City of Okla. City*, No. CV-2024-867 (Okla. Cnty. Dist. Ct. May 7, 2024) (order) (Doc. No. 1-4); *see* Compl. at 5.

The Court takes judicial notice that, since the commencement of this action, both Plaintiff and the City of Oklahoma City—who is also a defendant herein—have sought relief in the Oklahoma County District Court case that could materially affect the terms or validity of the expungement order relied upon in the Complaint. Specifically, Plaintiff is

seeking modification of the May 7, 2024 expungement order, while the City of Oklahoma City is requesting that the court vacate the expungement altogether.[1]

A federal district court's "broad discretion to stay proceedings," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), is inherent in its power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 229 U.S. 248, 254 (1936); *see also Fed. Deposit Ins. Corp. v. First Nat'l Bank & Tr. Co. of Okla. City*, 496 F. Supp. 291, 293 (W.D. Okla. 1978).  In light of the ongoing state-court proceedings, and having weighed the "competing interests," the Court finds that a stay of proceedings is warranted and appropriate.

CONCLUSION

IT IS THEREFORE ORDERED that this case is STAYED and administratively closed pending further order of the Court.  The parties shall inform the Court in writing when proceedings on Plaintiff's state-court expungement proceedings have concluded.

IT IS SO ORDERED this 18th day of August, 2025.

_____
CHARLES B. GOODWIN
United States District Judge

---

[1] The case docket for *Meadows v. City of Oklahoma City* is publicly available through https://oscn.net.