## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORTEZ MEADOWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-24-981-G |
| | ) |
| CITY OF OKLAHOMA CITY et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Plaintiff Cortez Meadows' Motion to Reopen Case and Stay Proceedings (Doc. No. 36).  Defendants City of Oklahoma City and Sgt. Thomas H. Massen have responded (Doc. Nos. 37, 38), and Plaintiff has replied (Doc. Nos. 39, 40).

### I.    Background

On September 23, 2024, Plaintiff, appearing pro se, initiated this federal civil rights action, bringing claims against nine defendants pursuant to 42 U.S.C. § 1983.  *See* Compl. (Doc. No. 1).  Plaintiff's allegations arise from his 1999 conviction in Oklahoma City Municipal Court and the defendants' alleged misconduct in connection with that conviction.  *See id.* at 2-4.  In support of his claims, Plaintiff alleged that on May 7, 2024, the District Court of Oklahoma County ordered that the 1999 conviction and sentence be made invalid, "Expunged," and "Destroyed."  *See id.* at 5; *Meadows v. City of Okla. City*, No. CV-2024-867 (Okla. Cnty. Dist. Ct. May 7, 2024) (order) (Doc. No. 1-4).

After this action was commenced, both Plaintiff and the City of Oklahoma City— who is also a defendant herein—requested relief in the Oklahoma County District Court

case that could materially affect the terms or validity of the expungement order relied upon in the Complaint.  Specifically, Plaintiff sought modification of the May 7, 2024 expungement order, while the City of Oklahoma City requested that the court vacate the expungement altogether.  Order of Aug. 18, 2025 (Doc. No. 32) at 1-2.

On August 18, 2025, the Court found that, in light of the ongoing state-court dispute, and having weighed the competing interests at stake, "a stay of proceedings is warranted and appropriate."  *Id.* at 2.  The case was therefore stayed pending further order of the Court.  *See id.* ("The parties shall inform the Court in writing when proceedings on Plaintiff's state-court expungement proceedings have concluded.").

On October 8, 2025, Defendant City of Oklahoma notified the Court that the District Court had vacated the disputed expungement order and the state-court proceeding was concluded.  *See* Doc. No. 33.  The Court therefore ordered that if Plaintiff wished for this case to be reopened, he must notify the Court no later than November 17, 2025.  *See* Order of Nov. 3, 2025 (Doc. No. 34) at 1.

On December 2, 2025, having received no filing from Plaintiff or any of the defendants, the Court ordered that the August 18, 2025 stay "shall remain in effect."  Order of Dec. 2, 2025 (Doc. No. 35) at 1.  The Court further ordered: "If, within thirty (30) days from the date of this order, closing papers have not been filed or leave sought to reopen the case, this action shall be deemed dismissed with prejudice."  *Id.* at 1-2.

II.    *Plaintiff's Motion to Reopen Case and Stay Proceedings*

On December 31, 2025, Plaintiff filed his Motion to Reopen Case and Stay Proceedings.  Plaintiff states that he has now filed an amended petition for expungement

2

in the state-court case that has not yet been ruled upon. *See* Pl.'s Mot. at 2. Plaintiff requests that, rather than having this action be deemed dismissed pursuant to the terms of the Court's Order of December 2, 2025, this action be reopened but then again stayed pending final conclusion of the state-court's consideration of the expungement matter. *See id.* at 2-3. Defendants City of Oklahoma City and Massen oppose Plaintiff's request, arguing in relevant part that reopening the case would be premature in light of the ongoing state-court proceedings. *See* Doc. Nos. 37, 38.

Having considered Plaintiff's request, Defendants' argument, and the Court's "broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), the Court concludes that Plaintiff's request should be granted. This action should not be deemed dismissed "by [the] terms" of the Order of December 2, 2025, given Plaintiff's express desire to resume seeking relief on his claims when appropriate. *Carr v. Remington Arms Co.*, No. CIV-16-1153-SLP, 2019 WL 13073641, at *2 (W.D. Okla. Feb. 22, 2019) (internal quotation marks omitted).

CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reopen Case and Stay Proceedings (Doc. No. 36) is GRANTED as follows.

The Court's Order of December 2, 2025 (Doc. No. 35) is hereby VACATED. This case shall remain STAYED and administratively closed pending further order of the Court. The parties shall inform the Court in writing when proceedings on Plaintiff's state-court expungement matter have concluded.

IT IS SO ORDERED this 27th day of May, 2026.

CHARLES B. GOODWIN
United States District Judge